UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESAR VIRGILIO AGUILERA VASQUEZ (A# 222-562-100),

Petitioner,

v.

MESA VERDE ICE PROCESSING CENTER,

Respondent.

No. 1:26-cv-07735 DJC SCR

ORDER

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges Petitioner's prolonged detention without an individualized bond hearing. ECF No. 1 at 6. But its exhibits show that Petitioner received a bond hearing on September 8, 2026, and that an immigration judge denied bond based on a finding that Petitioner presented a flight risk. Id. at 31-33.

In light of this inconsistency, as well as the complexity of the legal issues involved, the court has determined that the interests of justice require the sua sponte appointment of counsel for petitioner. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan, via email at sher@caed.uscourts.gov who

shall update the docket to reflect counsel's appointment. If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the court hereby authorizes them to serve as *pro hac vice* CJA counsel for petitioner for the duration of the proceedings in this court pursuant to Local Rule 180(b)(1) *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment. If counsel is not admitted to practice before the Eastern District of California court, pursuant to 18 U.S.C. § 3006A and this District's CJA Plan, General Order 671, § XV.C.1.g as applied here, the court hereby authorizes said counsel's *pro hac vice* admission to practice before this court for the duration of the proceedings, *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan, via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment.

2. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment, along with a copy of the § 2241 petition.

3. Based on the appointment of counsel, the court sua sponte grants Petitioner leave to file an amended § 2241 petition within 21 days from the date of this order. Within 7 days from Petitioner's filing, Respondent shall file an answer/return. Petitioner shall have 3 days from the date of Respondent's answer/return or notice to file a reply. If the parties agree on a different briefing schedule, they may submit a joint proposed order to the court based on their stipulation.

4. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"). This order does not prohibit the temporary

transfer of petitioner outside of the District for urgent medical care, though Petitioner shall be returned to the District upon the conclusion of such care. As soon as practicable, Respondent shall notify the Court of any such medical transfer.

5. In the event Petitioner obtains an immigration bond and it is paid resulting in release, Petitioner shall inform the court as expeditiously as possible in order to conserve its limited judicial resources. For the same reason, Respondent shall inform the court as expeditiously as possible in the event a travel document is obtained for Petitioner that will result in Petitioner's imminent removal from this country. Either party shall update the court by filing a Notice of Changed Circumstances that informs the court of the particular circumstances that have changed.

DATED: September 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE